UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARVIN ODIEL GOMEZ-RAMIREZ,<br><br>Defendant. | Criminal Action<br>No. 18-10122-PBS |

## MEMORANDUM AND ORDER

March 19, 2019

Saris, C.J.

## INTRODUCTION

Defendant Marvin Odiel Gomez-Ramirez moves to dismiss the indictment charging him with illegal reentry in violation of 8 U.S.C. § 1326. Relying on Pereira v. Sessions, 138 S. Ct. 2105 (2018), he argues that his prior removal order was entered without jurisdiction because his Notice to Appear ("NTA"), the document served on an alien and filed with the immigration court that initiates removal proceedings, did not include the date and time of his removal hearing. After a hearing, the Court holds that Gomez-Ramirez fails to satisfy the three requirements of 8 U.S.C. § 1326(d) in his collateral attack on his prior removal

1

order. Accordingly, the Court **DENIES** Gomez-Ramirez's motion to dismiss the indictment (Docket No. 38).

## FACTUAL BACKGROUND

Gomez-Ramirez is a citizen of Guatemala. In 2001, at the age of twelve, he came to the United States without documents to live with his sister in Miami, Florida. He subsequently moved to Massachusetts. On March 17, 2011, he was arrested in connection with a burglary in Lynn, Massachusetts. Two months later, he pled guilty and was sentenced to six months of imprisonment. U.S. Immigration and Customs Enforcement ("ICE") removed Gomez-Ramirez from the country on November 10.[1] In June 2013, U.S. Customs and Border Protection ("CBP") encountered Gomez-Ramirez attempting to reenter the United States in Texas. CBP reinstated his 2011 removal order and removed him again.

Gomez-Ramirez then returned to the United States for a third time. ICE detained him in Lynn, Massachusetts on November 25, 2015. He was handed an NTA on the same date. The NTA stated

---

[1] Before Gomez-Ramirez was removed, an immigration judge offered him voluntary departure. Gomez-Ramirez claims that the government kept him in custody without allowing him to leave the country during the thirty-day window authorized by the immigration judge. He also points out that the NTA from his 2011 removal proceedings did not include the date and time of his hearing. Because the indictment charges him with illegal reentry based on his 2015 removal order, Gomez-Ramirez conceded at the hearing that any defects in his 2011 removal proceedings, as well as the 2013 reinstatement of the 2011 removal order, are irrelevant to his motion to dismiss.

that he was ordered to appear before an immigration judge in Boston "on [date] To be set at [time] To be set." Dkt. No. 38-7 at 1. Gomez-Ramirez and an ICE officer attested on the second page of the NTA that Gomez-Ramirez was personally served with the NTA and given a list of attorneys providing free legal services. After a hearing that he attended, Gomez-Ramirez was ordered removed on December 17, 2015, and he waived his right to an appeal. On the same day, he was indicted for illegal reentry in violation of 8 U.S.C. § 1326. He entered a guilty plea in February 2016 and was sentenced to time served and three years of supervised release. On June 3, 2016, Gomez-Ramirez was removed to Guatemala.

Gomez-Ramirez returned a fourth time. The government encountered him back in Lynn, Massachusetts on July 1, 2017. On April 26, 2018, he was indicted again for illegal reentry in violation of 8 U.S.C. § 1326 based on his 2015 removal order.

**DISCUSSION**

Gomez-Ramirez moves to dismiss the indictment on the basis that his 2015 removal order was entered without jurisdiction because the NTA filed with the immigration court in his case did not include the date and time of his removal hearing. He relies on the Supreme Court's recent decision in Pereira v. Sessions, which held that an NTA without the date and time of the removal hearing was not a valid NTA under 8 U.S.C. § 1229(a) and did not

3

trigger the stop-time rule for cancellation of removal.[2] 138 S. Ct. at 2110. Agency regulations require the filing of an NTA with the immigration court to trigger the court's jurisdiction for removal proceedings, 8 C.F.R. § 1003.14(a), but the regulatory definition of an NTA does not require that it include the date and time of the hearing, see id. §§ 1003.15, 1003.18. Because Gomez-Ramirez's NTA did not include the date and time of his hearing, he contends it was invalid under Pereira and did not vest the immigration court with jurisdiction to order his removal. He alleges his prior removal order is therefore void and cannot support an illegal reentry charge.

I. **Standard of Review**

Under Federal Rule of Criminal Procedure 12(b)(1), a defendant "may raise by pretrial motion any defense . . . that the court can determine without a trial on the merits." Pure questions of law are properly considered on a pretrial motion to dismiss. United States v. Pope, 613 F.3d 1255, 1260 (10th Cir. 2010); United States v. O'Brien, 994 F. Supp. 2d 167, 174 n.2 (D. Mass. 2014). Because courts must treat the indictment's allegations as true in evaluating a motion to dismiss, defendants cannot raise claims relating to the sufficiency of

---

[2] The stop-time rule helps determine whether an alien has been continuously present in the United States long enough to be eligible for cancellation of removal. See 8 U.S.C. § 1229b(d)(1); Pereira, 138 S. Ct. at 2110.

4

the evidence underlying the indictment in a motion to dismiss. United States v. Guerrier, 669 F.3d 1, 3-4 (1st Cir. 2011). However, "a district court may consider a pretrial motion to dismiss an indictment where the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts." United States v. Musso, 914 F.3d 26, 29-30 (1st Cir. 2019) (quoting United States v. Weaver, 659 F.3d 353, 355 n.* (4th Cir. 2011)).

## II. **Illegal Reentry**

8 U.S.C. § 1326(a) "forbids an alien who once was deported to return to the United States without special permission." Almendarez-Torres v. United States, 523 U.S. 224, 226 (1998). To convict a defendant of illegal reentry, "the government must prove that the defendant: (1) is an alien, (2) was previously deported, and (3) thereafter entered, or attempted to enter, the United States without permission." United States v. Contreras Palacios, 492 F.3d 39, 42 (1st Cir. 2007).

A defendant charged with illegal reentry has a due process right to challenge the validity of the underlying removal order. See United States v. Mendoza-Lopez, 481 U.S. 828, 837-39 (1987). Congress codified this right in 8 U.S.C. § 1326(d). United States v. DeLeon, 444 F.3d 41, 44 (1st Cir. 2006). Under § 1326(d), a defendant may challenge the validity of a prior

5

removal order if he shows that (1) he has "exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d); United States v. Soto-Mateo, 799 F.3d 117, 120 (1st Cir. 2015). The defendant bears the burden on a collateral attack of a prior removal order and must satisfy all three elements to prevail. Soto-Mateo, 799 F.3d at 120-21. To satisfy the third prong of fundamental unfairness, the defendant must make "a showing of procedural error and prejudice." United States v. Luna, 436 F.3d 312, 319 (1st Cir. 2006). A procedural error prejudiced the defendant if there is "a reasonable likelihood that the result would have been different if the error in the deportation proceeding had not occurred." Soto-Mateo, 799 F.3d at 124 (quoting Luna, 436 F.3d at 321).

### III. Analysis

The jurisdictional question at the heart of Gomez-Ramirez's motion to dismiss is complex. On judicial review from the Board of Immigration Appeals, two circuit courts have issued published decisions rejecting the argument that the absence of the date and time of the hearing on an NTA deprives the immigration court of jurisdiction. See Karingithi v. Whitaker, 913 F.3d 1158,

1158-59 (9th Cir. 2019) (holding that the regulations, not 8 U.S.C. § 1229(a), define when jurisdiction vests in the immigration court); Hernandez-Perez v. Whitaker, 911 F.3d 305, 314-15 (6th Cir. 2018) (holding that jurisdiction vests with the immigration court where "the mandatory information about the time of the hearing is provided in a Notice of Hearing issued after the NTA" (citation omitted)). No circuit has addressed this issue in the context of a collateral attack on a prior removal order by a defendant charged with illegal reentry. In illegal reentry cases, district courts have split on this issue. Compare United States v. Armijo-Banda, 352 F. Supp. 3d 703, 712 (W.D. Tex. 2018) (holding that an NTA without a date and time cannot vest an immigration court with jurisdiction), United States v. Leon-Gonzalez, 351 F. Supp. 3d 1026, 1030 (W.D. Tex. 2018) (same), United States v. Zapata-Cortinas, 351 F. Supp. 3d 1006, 1017 (W.D. Tex. 2018) (same), United States v. Ortiz, 347 F. Supp. 3d 402, 406 (D.N.D. 2018) (same), United States v. Tzul, 345 F. Supp. 3d 785, 788-89 (S.D. Tex. 2018) (same), and United States v. Niebla-Ayala, 342 F. Supp. 3d 733, 740 (W.D. Tex. 2018) (same), with United States v. Arroyo, -- F. Supp. 3d --, 2018 WL 6729029, at *8 (W.D. Tex. 2018) (holding that an NTA without the date and time does not affect the immigration court's jurisdiction), United States v. Romero-Caceres, -- F. Supp. 3d --, 2018 WL 6059381, at *9 (E.D. Va. 2018) (same), and

7

United States v. Saravia-Chavez, 349 F. Supp. 3d 526, 531-32 (W.D. Va. 2018) (same). The Court agrees with the reasoning of Karingithi and Hernandez-Perez that the absence of the date and time for a hearing on Gomez-Ramirez's NTA did not by itself deprive the immigration court of jurisdiction, which is governed by agency regulation, not statute.

In both Karingithi and Hernandez-Perez, the alien received a separate Notice of Hearing with the date and time of the removal hearing. See Karingithi, 913 F.3d at 1162; Hernandez-Perez, 911 F.3d at 314-15; see also Bermudez-Cota, 27 I. & N. Dec. 441, 447 (B.I.A. 2018) ("[A] notice to appear that does not specify the time and place of an alien's initial removal hearing vests an Immigration Judge with jurisdiction over the removal proceedings . . . , so long as a notice of hearing specifying this information is later sent to the alien."). There is no evidence that Gomez-Ramirez received such a notice. However, the agency regulations do not tie the immigration court's jurisdiction to provision of the date and time of the removal hearing.

The Court need not decide the difficult question of whether jurisdiction fails to vest in an immigration court where the alien never receives written notice of the date and time of his removal hearing but he actually appears at the hearing. See Karingithi, 913 F.3d at 1162 (declining to address this

8

question). Regardless of whether the immigration court had jurisdiction over Gomez-Ramirez's removal proceedings, he must make the required showing under 8 U.S.C. § 1326(d) to collaterally attack his removal order. Niebla-Ayala, 342 F. Supp. 3d at 745; see also 8 U.S.C. § 1326(d) (stating that "an alien may not challenge the validity of the deportation order . . . unless the alien demonstrates" the three required factors (emphasis added)). The government need not prove that the prior removal order was lawful to sustain a § 1326 conviction. United States v. Earle, 488 F.3d 537, 547 (1st Cir. 2007).

Generally, a defendant who waives his right to appeal his removal order has not exhausted administrative remedies. Soto-Mateo, 799 F.3d at 120. The First Circuit has assumed without deciding that there is an exception to the exhaustion requirement where the waiver was not knowing and intelligent. Id. at 120-21. The First Circuit has also held that, if the government produces a written and signed waiver of appeal rights, the burden falls on the defendant to show that the waiver was invalid. Id. at 121.

Gomez-Ramirez's 2015 removal order indicates that he waived his right to appeal and thus failed to exhaust his administrative remedies. Although Gomez-Ramirez did not sign the removal order, he does not provide any evidence that his waiver

was not knowing and intelligent. At the hearing, his attorneys argued that he has little formal education and cannot understand English and therefore did not comprehend the proceedings. Even if true (and there is no evidence on this point), he was given access to a list of attorneys along with his NTA. The mere fact that Gomez-Ramirez did not have an attorney at his removal hearing, without more, does not render his waiver infirm. See Soto-Mateo, 799 F.3d at 121. Because he waived his right to appeal, Gomez-Ramirez also cannot show that he was deprived of the opportunity to seek judicial review. See United States v. Roque-Espinoza, 338 F.3d 724, 728-29 (7th Cir. 2003).[3]

In addition, Gomez-Ramirez has failed to demonstrate that the entry of his prior removal order was fundamentally unfair. He argues that his removal proceedings were fundamentally unfair because the absence of the date and time of the hearing on his NTA deprived the immigration court of jurisdiction. Even if the immigration court did lack jurisdiction, a failure to give the time and date in the NTA does not by itself render removal proceedings fundamentally unfair when the alien was actually

---

[3] Although a litigant cannot waive an argument about the subject matter jurisdiction of an Article III court, Gonzalez v. Thaler, 565 U.S. 134, 141 (2012), numerous courts have held that challenges to agency jurisdiction can be waived, see, e.g., PGS Geophysical AS v. Iancu, 891 F.3d 1354, 1362 (Fed. Cir. 2018); Metro-N. Commuter R.R. Co. v. U.S. Dep't of Labor, 886 F.3d 97, 108 (2d Cir. 2018); 1621 Route 22 W. Operating Co. v. NLRB, 825 F.3d 128, 140 (3d Cir. 2016).

present for his hearing. See <u>United States v. Lopez-Ortiz</u>, 313 F.3d 225, 230 (5th Cir. 2002) (noting that "[f]undamental fairness is a question of procedure" that focuses on whether the defendant had notice, a hearing, and a fair opportunity to be heard). Gomez-Ramirez's attorneys stated at the hearing that he did not receive any notice of his removal hearing and was simply transported to the immigration court where he was ordered removed. The inability to adequately prepare a defense due to a lack of sufficient advance notice may constitute fundamental unfairness in some circumstances. Here, however, Gomez-Ramirez, has not met his burden of demonstrating that his defective NTA interfered with his ability to defend himself against removal, exhaust administrative remedies, or obtain judicial review. The record is devoid of the details of the timing or circumstances of Gomez-Ramirez's removal proceedings.

## **ORDER**

For the foregoing reasons, Gomez-Ramirez's motion to dismiss the indictment (Docket No. 38) is **DENIED**.

SO ORDERED

/s/ Patti B. Saris
HON. PATTI B. SARIS
Chief U.S. District Judge